UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS
83 South Street
Suite 203
Freehold, New Jersey 070728
Telephone No. (732) 431-7575
Attorneys for Plaintiffs

------------------------------------

Plaintiffs

MATEUSZ MALITON, an Infant by
his Guardian ad Litem, MARIA
KAPALKA, and MARIA KAPALKA AND
MAREK MALITON, Individually

vs.

Defendant

UNITED STATES OF AMERICA

Civil Action No.: 12-1610(SRC)

CIVIL ACTION

**COMPLAINT**

------------------------------------

Plaintiffs, Mateusz Maliton, an infant by his Guardian ad Litem, Maria Kapalka, and Maria Kapalka and Marek Maliton, Individually, residing at 268 Outwater Lane in the City of Garfield, County of Bergen and State of New Jersey, complaining of the Defendant, depose and say:

**JURISDICTION**

1. The Plaintiffs are residents and/or citizens of the United States of America and of the State of New Jersey residing at 268 Outwater Lane in the City of Garfield, County of Bergen and State of New Jersey.

2. The Defendant, United States of America, is a public entity.

3. By passage of the Federal Tort Claims Act, 28 U.S.C. Section 1346(b) and 28 U.S.C. Section 2671-2680, the Defendant, United States of America, has consented to be sued in actions sounding in tort and Section 1346(b) of said Act specifically grants the Federal District Courts exclusive jurisdiction over torts allegedly committed by the Defendant, United States of America, its agencies, agents, servants and/or employees.

4. As to Defendant, United States of America, the jurisdiction of this Court is predicated upon 28 U.S.C. Section 1346(b) and upon 28 U.S.C. Section 1331 in that it arises under the laws of the United States of America.

5. The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

6. Plaintiffs presented their claims to the appropriate federal agency, U.S. Department of Health & Human Services, Office of General Counsel, General Law Division, 330 Independent Avenue, SW, Washington, DC on or about April 26, 2011. (See Notices of Claim served April 26, 2011 annexed hereto as **Exhibit A**.)

7. On or about November 21, 2011, The Department of Health and Human Services issued a final disposition denying said claim and accordingly, Plaintiffs have exhausted their administrative remedies. (See **Exhibit B**)

8. The claims of Plaintiffs asserted herein involve claims of medical negligence by North Hudson Community Action Corporation Health

Center. On information and belief, North Hudson Community Action Corporation Health Center is a Federally Qualified Health Center and as such, its medical providers are covered under the Federal Tort Claims Act.

## FIRST COUNT

9. At all times relevant herein, North Hudson Community Action Corporation Health Center, was a partnership, association and/or professional corporation engaged in providing medical services at its principal location of 535 Midland Avenue, Garfield, New Jersey, and holding itself out to the general public as a facility providing reasonably competent medical care and employing reasonably skilled medical personnel.

10. North Hudson Community Action Corporation Health Center, as a partnership, association and/or professional corporation engaged in providing medical services, owed a duty to provide its patients with reasonably competent medical personnel who exercise the requisite degree of skill, care and judgment exercised by other similar medical personnel in their profession.

11. On or about January 20, 2009, Plaintiff, Maria Kapalka, came under the care and treatment of North Hudson Community Action Corporation Health Center for pre-natal care for a pregnancy that resulted in the birth of a son, Tomasz Maliton on or about June 11, 2009.

12. Plaintiff, Marek Maliton is the common law spouse of Maria Kapalka, and the father of Tomasz Maliton as well as the infant plaintiff herein, Mateusz Maliton.

13. During her prenatal care, Plaintiff, Maria Kapalka, was advised by the medical providers of North Hudson Community Action Corporation that due to her age, due to her having two prior Cesarean Deliveries and due to a third planned Cesarean Delivery for the current pregnancy, a tubal ligation should be preformed to prevent future pregnancies.

14. Plaintiff, Maria Kapalka, agreed to the recommendation of the medical providers of North Hudson Community Action Corporation and executed a consent form for the Cesarean Delivery and Tubal Ligation on or about May 18, 2009.

15. On June 11, 2009, Plaintiff, Maria Kapalka, gave birth to a son, Tomasz, however, unbeknownst to Plaintiffs, Maria Kapalka and/or Marek Maliton, no Tubal Ligation was performed.

16. On July 21, 2009, Plaintiff, Maria Kapalka, was advised by the medical providers of North Hudson Community Action Corporation that a Tubal Ligation had been performed during the Cesarean Delivery on June 11, 2009, when in fact it had not been performed. Thereafter, Plaintiff, Maria Kapalka, became pregnant.

17. Medical providers at North Hudson Community Action Corporation Health Center did so negligently and carelessly advise and/or treat Plaintiff, Maria Kapalka, so as to fail to perform a Tubal Ligation, and

failed to inform her that no Tubal Ligation had been performed resulting in Plaintiff, Maria Kapalka's pregnancy with Plaintiff, Mateusz Maliton.

18. On or about June 15, 2010, Plaintiff, Maria Kapalka, gave birth to the infant Plaintiff, Mateusz Maliton.

19. The infant Plaintiff, Mateusz Maliton, was born with Downs Syndrome.

20. As a direct and proximate result of the negligence of employees of North Hudson Community Action Corporation Health Center, Plaintiffs Maria Kapalka and Marek Maliton, were caused to become pregnant and give birth to a child, Plaintiff, Mateusz Maliton, an infant by his Guardian ad Litem, Maria Kapalka with Down Syndrome who has and will continue to incur extraordinary medical and living expenses and which has caused emotional pain and suffering to Plaintiffs, Maria Kapalka and Marek Maliton, deprived appropriate medical treatment and were caused to suffer from the aforesaid condition and were caused to sustain and did sustain serious and permanent injuries requiring care and treatment from other physicians and were caused to incur medical expenses and were otherwise damaged.

WHEREFORE, Plaintiffs, Mateusz Maliton, an infant by his Guardian ad Litem, Maria Kapalka, and Maria Kapalka and Marek Maliton, Individually, demand judgment against Defendant, United States of America, in the amount of their damages, together with interest and costs of suit.

## SECOND COUNT

21. Plaintiffs, Mateusz Maliton, an infant by his Guardian ad Litem, Maria Kapalka, and Maria Kapalka and Marek Maliton, Individually, repeat and reallege each and every allegation of the First Count of the Complaint as though set forth herein more fully at length.

22. At all times relevant herein, Plaintiff, Maria Kapalka, was the mother and natural guardian of Plaintiff, Mateusz Maliton.

23. As a direct and proximate result of the negligence of employees of North Hudson Community Action Corporation Health Center, Plaintiffs, Maria Kapalka and Marek Maliton, were caused to be deprived of the services, society, companionship and consortium of Plaintiff, Mateusz Maliton, were caused to incur medical and extraordinary life care expenses, and were otherwise damaged.

WHEREFORE, Plaintiffs, Mateusz Maliton, an infant by his Guardian ad Litem, Maria Kapalka, and Maria Kapalka and Marek Maliton, Individually, demand judgment against Defendant, United States of America, in the amount of their damages, together with interest and costs of suit.

JAVERBAUM MURGAFT HICKS KAHN
WIKSTROM & SININS
Attorneys for Plaintiffs

by: _____
Robert G. Hicks

DATED: March 5, 2012